UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 20mj2138 Reid

UNITED STATES OF AMERICA

vs.

LUIGI ALCARO,

　　Defendant.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   __Yes  _x_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  __Yes  _x_ No

　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　ARIANA FAJARDO ORSHAN
　　　　　　　　　　　　　　UNITED STATES ATTORNEY

　　　　　　　BY:　_____
　　　　　　　　　　　　　　ELI S. RUBIN
　　　　　　　　　　　　　　ASSISTANT UNITED STATES ATTORNEY
　　　　　　　　　　　　　　Court ID No. A5502535
　　　　　　　　　　　　　　99 NE 4th Street
　　　　　　　　　　　　　　Miami, Florida 33132-2111
　　　　　　　　　　　　　　Tel (305) 961-9247
　　　　　　　　　　　　　　Fax (305) 530-7976
　　　　　　　　　　　　　　Eli.Rubin@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>LUIGI ALCARO,<br><br>Defendant(s) | )<br>)<br>)  Case No. 20mj2138-Reid<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 28, 2020__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 963 | Conspiracy to import a Schedule III controlled substance, that is, Ketamine. |
| 21 U.S.C. § 952 | Importation of a Schedule III controlled substance, that is Ketamine. |
| 21 U.S.C. § 846(a) | Conspiracy to possess a Schedule III controlled substance, that is Ketamine. |
| 21 U.S.C. § 841(a)(1) | Possession with the intent to distribute a Schedule III controlled substance, that is, Ketamine. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

TREVOR McKENZIE, SPECIAL AGENT
Printed name and title

Sworn to before me and signed in my presence.

Date: 1/29/2020

_____
Judge's signature

City and state: Miami, Florida

LISSETTE M. REID, U.S. MAGISTRATE JUDGE
Printed name and title

## AFFIDAVIT

I, Trevor W. McKenzie, being duly sworn, depose and state as follows:

1. I am a Special Agent with United States Immigration and Customs Enforcement ("ICE") assigned to the Homeland Security Investigations ("HSI") division in Miami, Florida. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States empowered by law to conduct investigations of or to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Special Agent with HSI assigned to Miami, Florida, for over fourteen (14) years, during which time I have been involved in numerous investigations involving narcotics trafficking and money laundering. Prior to this assignment, I was a Customs officer with United States Customs and Border Protection ("CBP") assigned to the Miami Office of Field Operations ("OFO") for approximately five (5) years, during which time I was involved in cases involving the interdiction of narcotics, narcotics proceeds, and terrorist weaponry at Miami's airports and seaports. I have received numerous hours of specialized training in dangerous drug enforcement and investigations, and I have participated in numerous narcotics investigations. As a result of my training and experience, I have knowledge of the means and methods used by drug traffickers and drug-trafficking organizations to communicate with each other, to purchase, transport, store, and distribute drugs, and to conceal profits generated from those transactions.

2. The information set forth in this affidavit comes from my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers.

3. This affidavit is submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint against Luigi ALCARO.

4. On January 28, 2020, Sandra GUZMAN and Stephanie KINGHORN SHAPIRO arrived at Miami International Airport, in Miami-Dade County, onboard TAP Portugal flight

number 223 from Lisbon, Portugal. Members of the Customs and Border Protection (CBP) Rover Team were onsite conducting random examinations on passengers from the flight. GUZMAN was selected for an enforcement exam and was escorted to the CBP secondary examination location for further examination. GUZMAN provided a binding declaration acknowledging ownership of her bag and all contents within it. During an examination of her bag, several shampoo bottles and cream containers were discovered containing a powdery residue. In addition, the liquid was cold, almost in a frozen state. Field testing of the substance provided a positive result for the presence of Ketamine. The Ketamine weighed approximately 5.88 kilograms.

5. During the subsequent interview of GUZMAN, she stated that she was traveling with another passenger by the name of Stephanie KINGHORN SHAPIRO who also had shampoo bottles containing Ketamine in her luggage. GUZMAN stated that she and KINGHORN SHAPIRO were recruited by an individual by the name of "Onitza" to travel to Amsterdam, retrieve the ketamine, and travel back to Miami. In return, GUZMAN was to receive $3,500 plus expenses. GUZMAN further stated that KINGHORN SHAPIRO had the same amount of Ketamine in her luggage and that she also would be paid $3,500 after delivery. GUZMAN stated that she and KINGHORN SHAPIRO were told that someone would pick them up at the airport and she believed KINGHORN SHAPIRO was still waiting for her outside.

6. Based on the information provided regarding the fellow passenger, CBP officers traveled down to the passenger arrival/meeting location where they identified KINGHORN SHAPIRO, who was there with Onitza OLVERA and a male, identified as Luigi ALCARO. KINGHORN SHAPIRO, Onitza OLVERA, and Luigi ALCARO were escorted into the CBP enforcement area where they were read their Miranda rights and questioned. During the interview of Onitza OLVERA, she stated that Luigi ALCARO approached her and asked her to recruit two

2

females to travel to Amsterdam for the purpose of importing Ketamine back to Miami, Florida. OLVERA recruited GUZMAN and KINGHORN SHAPIRO. OLVERA stated that ALCARO agreed to pay $3,500 each to GUZMAN and KINGHORN SHAPIRO upon their arrival in Miami. OLVERA stated that ALCARO gave her $500 for each traveler for spending money plus additional money to pay for their flights and hotel accommodation. OLVERA also stated that upon the arrival of the flight from Portugal, ALCARO went to her residence and instructed her to have both GUZMAN and KINGHORN SHAIPRO catch a taxi or Uber to her house.

7. GUZMAN further stated that she was previously introduced to ALCARO through OLVERA. OLVERA introduced ALCARO to GUZMAN as "Luigi" and "the boss." GUZMAN stated that OLVERA told GUZMAN that ALCARO was willing to pay GUZMAN money to bring narcotics back to the United States from Amsterdam.

8. GUZMAN and OLVERA consented to law enforcement reviewing their cellular telephones. Messages on both cell phones implicated KINGHORN SHAPIRO. Specifically, there were text messages to a phone associated with KINGHORN SHAPIRO containing instructions on where to pick up the Ketamine in Amsterdam.

Therefore, based on the foregoing facts, there is probable cause to believe Luigi ALCORO did violate Title 21, United States Code, Section 841(a)(l), 846(a), 952, and 963.

FURTHER AFFIANT SAYETH NAUGHT.

_____
TREVOR W. MCKENZIE
SPECIAL AGENT, HSI

Sworn and affirmed before me
on this 29th day of January 2020.

_____
HONORABLE LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

4